IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

  v.

MITCH CELAYA, IN HIS OFFICIAL CAPACITY AS CHIEF OF UCPD; SIMARTINEZ, BADGE #56, UCPD; AND DOES,

    Defendants.

No. C 12-80244 MISC WHA

**ORDER DENYING PLAINTIFF'S REQUEST TO FILE SUPPLEMENTAL PLEADING**

## INTRODUCTION

In this Section 1983 action, pro se plaintiff's frivolous complaint was dismissed without leave to amend on pre-filing review. Plaintiff now seeks leave to file a supplemental pleading. For the reasons stated below, plaintiff's request is **DENIED**.

## STATEMENT

Plaintiff has been determined to be a vexatious litigant in this district. Pursuant to the pre-filing review order issued by Magistrate Judge Larson on July 29, 2010, "any [] pro se filing by [p]laintiff in this district shall be subject to pre-filing review by a judge of this Court." Our court of appeals affirmed the pre-filing review order (*Hung Ha v. United States Attorney General, et al.*, No. 10-16506).

Plaintiff sought to file a complaint alleging Section 1983 violations against defendants for issuing plaintiff a seven-day stay-away order from the Recreational Sports Facility at

1  University of California Berkeley.  Pursuant to Judge Larson's pre-filing review order, the
2  undersigned judge conducted a review of plaintiff's complaint.  Plaintiff's complaint was found
3  to be very similar to an earlier complaint he filed against various U.C. Berkeley police officers
4  and employees who work at the university's Recreational Sports Facility.  In that action, plaintiff
5  alleged violations of his constitutional rights in expelling him from the facility and revoking his
6  membership privileges (*Hung Ha v. Sweet B., et al.*, No. 09-1392).  Upon review of plaintiff's
7  application to proceed *in forma pauperis*, Judge Saundra Brown Armstrong dismissed the
8  complaint for failure to state a claim, finding that plaintiff had not alleged a constitutional
9  violation and could not establish liability against the officers.  Similarly, in the current action,
10 the October 22 order determined that plaintiff's complaint was frivolous and failed to state a
11 claim.  Consequently, plaintiff's complaint was denied and the Clerk was ordered to close the
12 file (Dkt. No. 3).

13 Despite the order, on November 1, plaintiff mailed to the Clerk a document entitled
14 "Application For Leave To File Supplemental Pleading; [Proposed [ [sic] Supplemental
15 Pleading."  Appended to the application was plaintiff's verified affidavit containing allegations
16 of an encounter between plaintiff and "Doe # 1" and other U.C. Berkeley police officers.
17 Briefly, the affidavit alleges that on October 31, plaintiff encountered Doe #1.  After a brief
18 exchange of words with Doe #1, plaintiff was "accosted" by two police officers.  The police
19 officers allegedly directed plaintiff to disclose his personal information for purposes of creating
20 a "contact card," in addition to requesting him to show identification and conducting a limited
21 search.  The police officers then allowed plaintiff to "go about [his] business" and enter the
22 Recreational Sports Facility.  Plaintiff alleges that "Doe #1 was attempting to repeat his success
23 of Oct. 5, when UCPD officers issued [sic] summarily a stay away order, and immediately
24 expelled [him] out of [the recreation center]" (Affidavit at 2).

## ANALYSIS

26 The October 22 order rejected plaintiff's complaint as frivolous upon pre-filing review
27 and consequently closed the file (Dkt. No. 3).  Despite that order, plaintiff has submitted an
28 "Application for Leave to File Supplemental Pleading."  Plaintiff's submission is not clear

2

regarding the relief sought or what procedural rule, if any, provides for such relief. Nevertheless, because pro se pleadings are liberally construed, this order generously construes the application as a request for leave to file a supplemental pleading pursuant to FRCP 15(d). *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Christensen v. C.I.R.*, 786 F.2d 1382, 1384–85 (9th Cir. 1986).

1. **REQUEST FOR DISQUALIFICATION.**

As an initial matter, plaintiff seeks to disqualify the undersigned judge pursuant to 28 U.S.C. 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In analyzing a Section 455(a) disqualification request, the court applies an objective test: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Clemens v. United States District Court for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam). The question is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Ibid.* (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir. 1990)).

As an initial matter, plaintiff's request for recusal is moot, as this action has been dismissed. That aside, plaintiff has not presented grounds for recusal. In the verified affidavit accompanying the application, plaintiff states that he has "stud[ied], primarily, [his] cases, studying the orders, judgments, behavior of judicial officers" (Mot. at 4). Based on those studies, plaintiff notes the "[r]ampant abuse of authority and power by judicial officers," including the undersigned. *Ibid*. Beyond these general and conclusory assertions, plaintiff fails to offer any facts demonstrating that recusal under 28 U.S.C. 455(a) is necessary or appropriate. Therefore, recusal is **DENIED**.

2. **REQUEST FOR LEAVE TO SUPPLEMENT PLEADING.**

Pursuant to FRCP 15(d):

> [O]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit

3

> supplementation even though the original pleading is defective in stating a claim or defense.

The goal of the rule governing supplemental pleading is to promote judicial efficiency. *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citing *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988)). Thus, it is well established that where a supplemental pleading would be futile, and could not itself survive a motion to dismiss, it is within the district court's discretion to refuse leave to supplement. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

Because plaintiff's proposed supplemental pleading does not include any allegations upon which he is able to state a claim for relief, permitting supplementation will not serve to promote judicial efficiency. The allegations within the proposed pleading are synonymous to the facts pled in the prior complaint, and plaintiff's previous complaint failed to allege a legitimate constitutional violation. For example, plaintiff alleged that the seven-day stay-away order issued by Officer Simartinez violated his freedom of speech rights guaranteed by the First Amendment. Contrary to plaintiff's argument, "rights to be on campus, UCB, such as research for academic an educational purposes" does not involve an actionable First Amendment claim. Similarly, plaintiff's Fourteenth Amendment claims fail because plaintiff failed to allege either: (1) a constitutionally protected liberty interest giving rise to a due process claim; or (2) a valid protected class to which he belongs, giving rise to an equal protection claim. Finally, plaintiff's Fourth Amendment claim failed because the officers' conduct was reasonable under the circumstances. Plaintiff's proposed supplementation fares no better. Plaintiff's proposed pleading does not allege any set of facts in support of his Section 1983 claim which would entitle him to relief. Accordingly, this order finds that plaintiff's complaint remains frivolous, and, once again, denies plaintiff leave to file a complaint.

## CONCLUSION

For the reasons stated above, plaintiff's request for leave to file a supplemental pleading is **DENIED WITHOUT LEAVE TO AMEND**. The next stop for Mr. Ha is the United States Court

4

of Appeals for the Ninth Circuit. Plaintiff is requested to please refrain from filing letters with this Court.

**IT IS SO ORDERED.**

Dated: November 13, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE